IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case Nos. 08-CR-00022-GKF |
| KIMBERLY CHANCELLOR, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion for Reduction of Sentence/Vacate pursuant to 18 U.S.C. § 3582 [Doc. 148] of defendant Kimberly Chancellor. For the reasons set forth below, the motion is dismissed for lack of jurisdiction. Alternatively, the motion is dismissed in part for lack of jurisdiction and denied in part.

**Background/Procedural History**

On July 29, 2008, a jury convicted Chancellor of one count of Aggravated Sexual Abuse of a Minor in Indian Country and two counts of Attempted Aggravated Sexual Abuse of a Minor in Indian Country. [Doc. 59]. The court entered a Judgment and Commitment on November 13, 2008, sentencing Chancellor to life in prison on each count, to be served concurrently. [Doc. 61]. The Tenth Circuit affirmed Chancellor's conviction and sentence on direct appeal, and the Supreme Court denied Chancellor's writ for certiorari. [Doc. 98; Doc. 101].

On October 3, 2011, Chancellor filed a Motion Under 18 U.S.C. § 2255 To Vacate, Set Aside or Correct a Sentence By a Person In Federal Custody, arguing, among other things, that trial counsel was ineffective for failing to object to certain jury instructions and failing to contact, interview, or call Rebecca Ballard as a witness at trial. [Doc. 102]. The court denied the motion

and entered Judgment against Chancellor. [Doc. 122; Doc. 123]. Chancellor did not seek a certificate of appealability from the Tenth Circuit.

On September 14, 2018, Chancellor filed a Motion for Relief from Judgment Pursuant Fed. R. Civ. P. 60(b)(6). [Doc. 134]. Therein, Chancellor argued that the court should set aside the Judgment of Conviction pursuant to Rule 60(b) on the basis that trial counsel was ineffective for failing to adequately investigate the case and call Rebecca Ballard as a witness at trial, and for failing to raise two arguments regarding sentencing. [*Id.*].

In a September 24, 2018 Order, the court dismissed Chancellor's Rule 60(b) motion for lack of subject matter jurisdiction as a second or successive § 2255 motion. Further, the court denied a certificate of appealability because Chancellor had not made substantial showing of the denial of a constitutional right. [Doc. 135]. Chancellor did not appeal the court's September 24, 2018 Order.

On January 6, 2023, Chancellor filed a Rule 60(b) motion arguing that his Judgment of Conviction should be set aside because trial counsel provided constitutionally deficient representation by failing to request a competency evaluation of his client, persuading Chancellor not to testify, not calling Rebecca Ballard as a witness at trial, and not objecting to the term of imprisonment. [Doc. 142]. In a March 31, 2023 Order, the court concluded the motion constituted an unauthorized second/successive § 2255 motion and dismissed the motion for lack of subject matter jurisdiction. [Doc. 143; Doc. 144].

Chancellor subsequently sought authorization from the U.S. Court of Appeals for the Tenth Circuit to file a second or successive § 2255 motion, which the circuit court denied. [Doc. 147].

Chancellor now asks this court to reduce his sentence/vacate pursuant to 18 U.S.C. § 3582. [Doc. 148].

## Analysis

Pursuant to 18 U.S.C. § 3582,

**Modification of an Imposed Term of Imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that—

(1)    in any case—

    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i)    extraordinary and compelling reasons warrant such a reduction; or

        (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B)    the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

18 U.S.C. § 3582(c).

Chancellor does not identify the specific subsection pursuant to which he seeks relief. However, because Chancellor does not identify any action of the Sentencing Commission relevant to his sentencing range, the court construes the motion as a request for relief pursuant to § 3582(c)(1).  *Cf.* 18 U.S.C. § 3582(c)(2).

Looking to subsection § 3582(c)(1), Federal Rule of Criminal Procedure 35 is plainly inapplicable and Chancellor identifies no other statute that would permit the court to grant the requested relief.[1]  Thus, § 3582(c)(1)(B) does not govern the request.  Finally, Chancellor is not yet 70 years of age and therefore § 3582(c)(1)(A)(ii) does not apply.  *See* [Doc. 148, p. 17 ("Petitioner Chancellor 58 years old [*sic*] do not have any intention to commit any unlawful criminal offense.")].  Accordingly, the court construes Chancellor's motion as motion for reduction of sentence based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the federal compassionate release statute.

However, although nominally brought under § 3582, Chancellor's motion is almost entirely devoted to argument that his conviction and sentence should be "reversed" as violative of his constitutional rights.  *See, e.g.,* [Doc. 148, pp. 5, 11-12].  Specifically, Chancellor rehashes arguments raised in his earlier appeal, § 2255 petition, and Rule 60 motions, asserting that his conviction was not supported by sufficient evidence, the court erred in not providing an adverse

---

[1] Subsection (a) of Rule 35 permits a court, "[w]ithin 14 days after sentencing," to "correct a sentence that resulted from arithmetical, technical, or other clear error."  More than 14 days have passed since Chancellor's sentencing and therefore subsection (a) is inapplicable.  Further, the errors asserted by Chancellor cannot be fairly characterized as "arithmetical, technical, or other clear error."  Subsection (b) permits the court to reduce a defendant's sentence *on the government's motion* based on substantial assistance.  The government has not moved to reduce Chancellor's sentence.

inference instruction, and prosecutorial misconduct affected his case.

The Tenth Circuit has stated:

> When a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," § 2255(a), the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.

*United States v. Wesley,* 60 F.4th 1277, 1288 (10th Cir. 2023), *petition for writ of certiorari filed,* No. 23-6384, 60 F.4th 1277 (2023). Here, Chancellor brings constitutional challenges to, and otherwise seeks to collaterally attack, his conviction and sentence. The claims are governed by § 2255, not the federal compassionate release statute. Thus, the court treats that portion of Chancellor's § 3582 motion as a second or successive § 2255 motion. *See Wesley*, 60 F.4th at 1288-89.

The Tenth Circuit must authorize second or successive § 2255 petitions upon certification that it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Chancellor has not obtained the Tenth Circuit's authorization to file a second or successive § 2255 motion.

The Tenth Circuit has stated, when a second or successive § 2255 motion is filed without the requisite authorization, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for

lack of jurisdiction." *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Where the motion "fails on its face to satisfy any of the authorization standards of § 2255(h)," such that "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer," a district court does not abuse its discretion by dismissing the motion, rather than transferring the matter. *Id.*

In the motion, Chancellor does not point to any newly discovered evidence that would be sufficient to establish that no reasonable factfinder would have returned a guilty verdict. Nor does Chancellor identify a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Thus, Chancellor's motion "fails on its face to satisfy any of the authorization standards of § 2255(h)," and therefore the court determines that the interests of justice do not warrant transfer. *See In re Cline,* 531 F.3d at 1252. Further, there is no risk that a meritorious claim will be lost absent transfer. *See United States v. Walker*, Nos. 04-CR-0099-CVE, 07-CV-0551-CVE-FHM, 2010 WL 1856346, at *2 (N.D. Okla. May 10, 2010). The portions of Chancellor's § 3582 motion raising constitutional or collateral attacks to the judgment and sentence are dismissed for lack of jurisdiction.

Chancellor's motion also includes limited argument directed to the court's discretion to grant a reduction of sentence for "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i). However, Chancellor provides no evidence that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," nor has he shown that 30 days have lapsed "from the receipt of such a request by the warden of [his] facility," as required by § 3582(c)(1)(A). Thus, insofar as Chancellor's motion constitutes a true § 3582(c)(1)(A) motion for compassionate release, it is also dismissed for lack of jurisdiction.

Further, assuming that Chancellor has exhausted his administrative remedies, the motion for compassionate release would be denied. In considering defendant's motion in this regard, the

court applies the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). The first step of the *Maumau* test requires the court to determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id.* at 831. The second step requires that the court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* The third step requires the court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the circumstances of the case. *Id.* If the court determines that any of the three steps are lacking, the court may deny the motion and does not need to address the other steps. *Id.* at 831 n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

In *Maumau*, the Circuit found that, at the second step, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau,* 993 F.3d at 837. Thus, USSG § 1B1.13 was not "an 'applicable' policy statement that control[led] the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." *United States v. Carr*, 851 F. App'x 848, 849 (10th Cir. Apr. 14, 2021).[2] However, effective November 1, 2023, the Sentencing Commission revised USSG § 1B1.13 to be applicable when a prisoner initiates a § 3582(c)(1)(A) proceeding. Pursuant to § 1B1.13, the following circumstances, or combination of circumstances, may constitute "extraordinary and compelling reasons": (1) defendant's medical circumstances; (2) defendant's age; (3) defendant's family circumstances; (4) whether the defendant was a victim of abuse while incarcerated; (5) other reasons; or (6) unusually long

---

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

sentence.  USSG § 1B1.13(b).

Here, Chancellor points to no medical or family circumstances that constitute "extraordinary and compelling" reasons.  Nor does he allege that he has been a victim of abuse.  Further, as previously stated, Chancellor is fifty-eighty and therefore does not qualify based on his age.  Thus, the court need only consider whether other reasons or an unusually long sentence warrant a reduction.

Looking first to the length of sentence, Chancellor was sentenced to life.  In the motion, he argues that alleged sentencing disparities exist between his life sentence and those of persons convicted of what he characterizes as similar charges.  However, USSG § 1B1.13(b) contemplates a change in law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, and then only after "full consideration of the defendant's individualized circumstances."  USSG § 1B1.13(b)(6).  As previously stated, Chancellor does not identify any relevant change in law, and § 1B1.13(b)(6) does not contemplate sentencing disparities amongst other defendants.

Nevertheless, the court could conceivably consider the alleged disparities as "any other circumstance or combination of circumstances" to warrant relief.  *See* USSG § 1B1.13(b)(5).  However, the cases cited by Chancellor are distinguishable as those defendants accepted responsibility for their crimes.  *See* [Doc. 148, pp. 15-16 (citing *Speelman v. United States*, 431 F.3d 1226 (9th Cir. 2005); *United States v. Hummingbird*, 743 F.3d 636 (8th Cir. 2013); *United States v. Chatto*, U.S. Dist. LEXIS 69077 (D.N.M. May 12, 2008))].  In contrast, Chancellor never accepted responsibility and, further, obstructed justice by threatening one of the alleged victims and an eyewitness.  Further, unlike those cases, Chancellor's case involved multiple female child victims, all of whom were in his custody, care, or supervision.  Under the circumstances, the court

concludes that no true sentencing disparity exists and the length of Chancellor's sentence does not warrant modification.

Finally, Chancellor argues that he has been "programming" while incarcerated and has maintained gainful prison employment. [Doc. 148, p. 17]. Chancellor stated he has no "intention to commit any unlawful criminal offense." [*Id*.]. But rehabilitation alone is insufficient to warrant compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").[3] Although the court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," as discussed above, Chancellor identifies no other circumstances that constitute "extraordinary and compelling reasons" to justify a sentence reduction. *See* USSG § 1B1.13(d). Thus, insofar as Chancellor's motion constitutes a true motion for compassionate release pursuant to § 3582(c)(1)(A), the motion is denied.

## Conclusion

WHEREFORE, the Motion for Reduction of Sentence/Vacate pursuant to 18 U.S.C. § 3582 [Doc. 148] of defendant Kimberly Chancellor is dismissed for lack of subject matter jurisdiction as a second or successive § 2255 motion insofar as it brings constitutional challenges to, and otherwise seeks to collaterally attack, the judgment and sentence. The court denies a certificate of appealability because Chancellor has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

---

[3] Further, the court notes that, based on the evidence submitted by Chancellor, he has not taken an education course in over two years. *See* [Doc. 148, pp. 46-47].

IT IS FURTHERED ORDERED the Motion for Reduction of Sentence/Vacate pursuant to 18 U.S.C. § 3582 [Doc. 148] of defendant Kimberly Chancellor is dismissed for failure to exhaust administrative remedies and lack of subject matter jurisdiction insofar as it seeks a reduction of sentence based on asserted sentencing disparities or Chancellor's rehabilitation.  Alternatively, the motion is denied insofar as it seeks a reduction of sentence based on asserted sentencing disparities or Chancellor's rehabilitation.

IT IS SO ORDERED this 27th day of March, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE